ACCEPTED
04-15-00553-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/15/2015 1:44:55 PM
KEITH HOTTLE
CLERK

## NO. 04-15-00553-CV

**IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
9/15/2015 1:44:55 PM
KEITH E. HOTTLE
Clerk

## IN RE: RUBEN GONZALEZ,

### Relator.

## RELATOR'S REPLY TO REAL PARTIES' RESPONSE TO PETITION FOR WRIT OF MANDAMUS

**Counsel for Relator:**

David H. Jones
State Bar No. 10869590

**LAW OFFICE OF DAVID H. JONES**
6521 North 10th Street, Suite E1
McAllen, Texas 78504
Telephone: (956) 627-6350
Email: David@DHJlawfirm.com

Jaime A. Gonzalez, Jr.
State Bar No. 08127600
Hector L. Rodriguez
State Bar No. 00791555

**GONZALEZ & ASSOCIATES LAW FIRM, LTD.**
Summit Park North
817 E. Esperanza Ave.
McAllen, Texas 78501
Telephone: (956) 664-0100
Facsimile: (956) 664-1529

## ORAL ARGUMENT REQUESTED

## SUPPLEMENT TO REQUEST FOR ORAL ARGUMENT

Relator continues to believe that oral argument is not necessary to decide this original proceeding. The failure of Real Parties' Response to legitimately address the critical issues in this proceeding only strengthens that conclusion.

Should this Court decide to set this case for oral argument, Relator would draw the Court's attention to the fact that appellate counsel for Relator, David H. Jones, is currently set for oral argument in the Texas Supreme Court on October 12, 2015. That case is complex. The Clerk's Record alone is six volumes. Therefore, if this Court sets this case for oral argument, Relator requests that said oral argument be set either: 1) after October 12, 2015, or 2) next week, preferably early next week. This would allow counsel time to prepare for the oral argument in the Supreme Court.

## SUPPLEMENT TO MANDAMUS RECORD

Relator will be filing a Supplemental Mandamus Record as soon as possible. The Supplemental Mandamus Record will contain Relator's Seventh Supplemental Responses to Requests for Disclosure and attached documents from Dr. Betancourt which were served on Real Parties in Interest on September 4, 2015, demonstrating – in addition to what is already in the Mandamus Record – that Real Parties had obtained records from Dr. Betancourt even while representing to this Court that they had not. The Supplemental Mandamus Record will also contain additional relevant documents.

# TABLE OF CONTENTS

Supplement to Request for Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Supplement to Mandamus Record. . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    **I.      Real Parties in Interest failed to overcome the fact that the medical examination is no longer necessary, and the purpose of the medical examination ordered by Respondent is moot**. . . . . . . . . . . 1

    **II.    Real Parties in Interest failed to show good cause for the medical examination.**. . . . . . . . . . . . . . . . . . 3

        A.    Less intrusive means of discovery were available before the surgery. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.    Less intrusive means of discovery are still available. . . . 4

        C.    Additional time is available to conduct discovery. . . . . . . 6

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TRAP 9.4(i)(3) Certificate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TRAP 52.3(j) Certificate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**APPENDIX**

Order Granting Joint Motion for Continuance. . . . . . . . . . . . . . . . . . . . Tab D

## ARGUMENT

**I.     Real Parties in Interest failed to overcome the fact that the medical examination is no longer necessary, and the purpose of the medical examination ordered by Respondent is moot.**

The purpose of the medical examination, as asserted by Real Parties in Interest Premier Eagle Ford Services, Inc. ("Premier Eagle") and Abel Alvarado Casillas ("Casillas"), was to determine whether a four level cervical disc fusion surgery (the "4-disc surgery") recommended by Dr. Gerardo Zavala ("Dr. Zavala") was necessary.  (MR 66-68).

Premier Eagle and Casillas wanted their retained expert, a Dr. Gilbert Meadows ("Dr. Meadows"), to examine Ruben Gonzalez ("Gonzalez") even though Dr. Meadows had already reached an opinion that "[i]t is highly unlikely that Mr. Gonzalez will have a positive outcome from the proposed surgery."  (MR 82).  In fact, Dr. Meadows apparently does not even need medical records or an MRI.  He stated in his Affidavit that "[b]ased on the surveillance videos I reviewed, this man does not require surgery."  (MR 83).  Thus, it is clear that Premier Eagle and Casillas wanted the medical examination so as to bolster an opinion that Dr. Meadows had already reached.

In Response to Gonzalez's argument that the purpose of the medical examination is now moot, Premier Eagle and Casillas assert that "[t[he surgery, however, was not performed by Dr. Zavala ... but rather Dr. Betancourt" and that there is a "great discrepancy" between what Dr. Zavala recommended and the surgery actually performed.  (Response, pp. 7-8).

Real Parties' argument does nothing more than side-step the issue. Everyone already knows that Gonzalez had the surgery recommended by Dr. Betancourt rather than the surgery recommended by Dr. Zavala and that there is a discrepancy between their recommendations.

But, that does not change the fact that it is no longer necessary for Dr. Meadows to examine Gonzalez and determine whether he should have 4-disc surgery. He did not have that surgery, and he is not going to have it. Instead of withdrawing their Renewed Motion to Conduct Medical Examination ("Renewed Motion"), Real Parties proceeded as if no surgery had taken place, seeking and obtaining a court order to determine whether a surgery that will not occur is necessary.

Real Parties assert that Dr. Meadows should be allowed to examine Gonzalez's spine anyway "to obtain a clear picture of Gonzalez' spine and ensure that Real Parties in Interest will have a fair trial." (Response, p. 8). This argument also fails.

First, Dr. Meadows must have thought he had a "clear picture" of Gonzalez's spine when he opined that the surgery was "highly unlikely" to have a "positive outcome" and that "this man does not require surgery." (MR 82-83). He had reviewed Gonzalez's MRI results and the surveillance video. (MR 82). If Dr. Meadows wants another "clear picture" of Gonzalez's spine, then the Premier Eagle and Casillas lawyers who hired him can depose Dr. Betancourt. They already have his medical records. (MR 58-65; and see pending Supplemental Mandamus Record).

Second, the purpose of the medical examination, as ordered by Respondent, was not to give Dr. Meadows a "clear picture" of Gonzalez's spine, but to allow Dr. Meadows to bolster his opinion that the 4-disc surgery is unnecessary. That purpose is now moot, and Real Parties cannot change the purpose and particulars of the medical examination *after* it has been ordered by Respondent.

Finally, there is no evidence that Premier Eagle and Casillas need the medical examination to insure a "fair trial." Real Parties offer no explanation as to why they cannot obtain a fair trial without the medical examination, nor do Real Parties explain why they cannot conduct discovery to obtain information about the surgery that was conducted.

Thus, the purpose of the medical examination is now moot, and Respondent abused her discretion in ordering it.

## II. Real Parties in Interest failed to show good cause for the medical examination.

In addressing Gonzalez's contention that Premier Eagle and Casillas failed to show that they have exhausted less intrusive means of discovery, Real Parties again side-step the issue. They have also misrepresented the record.

### A. Less intrusive means of discovery were available before the surgery.

Premier Eagle and Casillas make the disingenuous argument that they could not depose Dr. Betancourt prior to the surgery or prior to filing their Renewed Motion because they did not know about him, even though they

admit they had been told that surgery was going to take place. (Response, pp. 2, 5). Real Parties obviously decided to sit on the information that surgery was going to take place and do nothing to find out when it would occur.

Nevertheless, even assuming what Premier Eagle and Casillas claim is true, it is irrelevant to the issue. Premier Eagle and Casillas did know about Dr. Betancourt prior to the hearing on their Renewed Motion, and they still made no effort to depose Dr. Betancourt or any of Gonzalez's medical providers other than Dr. Zavala.

Dr. Betancourt was disclosed to Premier Eagle and Casillas on July 31, 2015, *twenty-five days before the hearing* on the Renewed Motion. (*See* Response in Opposition to Relator's Motion for Stay of Medical Examination, p. 3 and Exhibit 3; RR 13, 14-15). Yet, despite knowing no later than July 31 that the 4-disc surgery would not take place and that a 1-level disc surgery had already been done, Premier Eagle and Casillas failed to seek Dr. Betancourt's deposition and failed to conduct any discovery pertaining to the surgery that was actually done. Instead, Premier Eagle and Casillas decided to pretend that no surgery had taken place and to stubbornly persist in seeking a medical examination for the purported purpose of learning whether a surgery that would *not occur* was necessary.

B.    Less intrusive means of discovery are still available.

Second, Premier Eagle and Casillas offer no reason why they cannot depose Dr. Betancourt now. Real Parties continue to complain that Gonzalez

-4-

did not disclose Dr. Betancourt prior to the one disc surgery, but that is no reason to refuse to take his deposition now.

Premier Eagle and Casillas also misrepresent the record, claiming that "it has been two months since Gonzalez' surgery and he still has not produced the records from Dr. Betancourt and Cornerstone Regional Hospital in connection with the surgery." (Response, pp. 5-6).

However, Premier Eagle and Casillas not only received records from Dr. Betancourt, they received records *before* the hearing on the Renewed Motion, and those records are in the Mandamus Record. (MR 43-44, 58-65). There are also additional records from Dr. Betancourt that were served on Premier Eagle and Casillas on September 4, 2015, before Real Parties filed their Response to the Petition for Writ of Mandamus. These documents will be provided via a Supplemental Mandamus Record, which will be filed as soon as possible.

As for records from Cornerstone Regional Hospital, Gonzalez does not have them either. Gonzalez has requested the records in writing, and they will be forwarded to Premier Eagle and Casillas after Gonzalez obtains them. (See pending Supplemental Mandamus Record).

Even if it were true that Premier Eagle and Casillas had no records from Dr. Betancourt, Real Parties offer no proof that they ever requested the records. Instead, Real Parties are relying on Requests for Disclosure to obtain them.

And, Premier Eagle and Casillas offer no explanation of why they cannot request and obtain those records. Nor do they explain why they cannot depose Dr. Betancourt with a subpoena duces tecum attached to the deposition notice. As set forth more specifically below, the September 21, 2015 trial date has been continued, providing Premier Eagle and Casillas with ample time to request medical records, review them, and then depose Dr. Betancourt. (Appendix, Tab D).

Furthermore, there are other means of post-surgery discovery available to Premier Eagle and Casillas, such as written discovery. Real Parties do not address these additional means of discovery or offer a reason why they are inadequate.

Finally, Premier Eagle and Casillas assert that despite their Dr. Meadows's complete review of Gonzalez's medical records, review of Dr. Zavala's deposition, and review of the surveillance video, somehow "the medical examination is critical." (Response, p. 6). However, Dr. Meadows's own Affidavit fails to explain why he needs to conduct a medical examination for any reason other than to bolster his opinion that the 4-disc surgery is unnecessary. Since the 4-disc surgery did not take place and will not take place, then Dr. Meadows's examination is not "critical" to anything.

C.    Additional time is available to conduct discovery.

In their Response in Opposition to Relator's Motion for Stay of Medical Examination, Premier Eagle and Casillas contend that the underlying case is set for trial on September 21, 2015. (Response in Opposition, p. 2).

However, Respondent has granted a continuance of the trial, and the case is no longer set for trial on September 21, 2015. (Appendix, Tab D). Currently, no trial date is scheduled.

Thus, Premier Eagle and Casillas have plenty of time to conduct discovery and obtain information about the one disc surgery which did take place instead of wasting time determining whether a 4-disc surgery that will not take place would have been necessary.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** RUBEN GONZALEZ, Relator, prays that the Court grant his Petition for Writ of Mandamus and enter an order directing the judge of the 111th Judicial District Court of Webb County, Texas to vacate her August 25, 2015 Order Granting Cross-Defendants' Renewed Motion to Conduct Medical Examination and to enter an order which denies the Renewed Motion to Conduct Medical Examination. Relator also prays for such other and further relief to which he may be justly entitled.

Respectfully Submitted,

Jaime A. Gonzalez, Jr.
State Bar No. 08127600
Hector L. Rodriguez
State Bar No. 00791555
**GONZALEZ & ASSOCIATES LAW FIRM, LTD.**
Summit Park North
817 E. Esperanza Ave.
McAllen, Texas 78501
(956) 664-0100 (telephone)
(956) 664-1529 (facsimile)

-7-

/s/ *David H. Jones*
DAVID H. JONES
State Bar No. 10869590
**LAW OFFICE OF DAVID H. JONES**
6521 North 10th St., Suite E-1
McAllen, Texas 78504
Telephone: (956) 627-6350
Email: David@DHJlawfirm.com


ATTORNEYS FOR RELATOR
RUBEN GONZALEZ


## <u>TRAP 9.4(i)(3) CERTIFICATE</u>

Relying on the word count of the computer program used to prepare this Brief, the undersigned certifies that the number of words in this document, not including the matters set forth in Tex. R. App. P. 9.4(i)(1), is _____.


/s/ *David H. Jones*
David H. Jones

## TRAP RULE 52.3(J) CERTI F I C A T I O N

Pursuant to Rule 52.3(j) of the Texas Rules of Appellate Procedure, the undersigned certifies that he has reviewed the Petition for Writ of Mandamus and concluded that every factual statement in the Petition is supported by competent evidence included in the appendix or record.

/s/ *David H. Jones*
David H. Jones

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was delivered in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure to the following on this the 15th day of September, 2015:

Hon. Monica Z. Notzon
Judge, 111th Judicial District
1110 Victoria Street
Laredo, Texas 78040
*Respondent*

Stephen D. Navarro
Naman Howell Smoth & Lee, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
*Attorney for Real Parties in Interest*

/s/ *David H. Jones*
DAVID H. JONES